UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENERAL MOTORS CORPORATION,

      Plaintiff,

vs.

Case No. 05-CV-73599
HON. GEORGE CARAM STEEH

DONALD THOMPSON,

      Defendant.
_____/

### ORDER DISMISSING CLAIMS FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION ON FAILURE TO SHOW CAUSE (#2)

Plaintiff General Motors Corporation was ordered on September 26, 2005 to show cause by October 7, 2005 why its claims of breach of contract and promissory estoppel alleged against former employee defendant Donald Thompson for $5,200.00 under the terms of a promissory note signed by Thompson should not be dismissed for lack of federal subject matter jurisdiction.  Plaintiff alleges federal question jurisdiction pursuant to 29 U.S.C. § 185(c) of the Labor-Management Relations Act ("LMRA"):

> (c) Jurisdiction
>
> For the purposes of actions and proceedings <u>by or against labor organizations</u> in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

(emphasis added).  In timely responding to the show cause order, plaintiff argues that federal jurisdiction is proper under § 185(c), even though no labor organization is a party to this lawsuit, because plaintiff "seeks to enforce the provisions of a UAW negotiated contact" in that the promissory note signed by defendant Thompson references a 1999 GM-UAW National Agreement.  October 4, 2005 Response, at 2.

Claims based on individual contracts executed between an employer and employee

are not pre-empted by the LMRA. Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987). The presence of a potential collective bargaining defense to a state claim alleging breach of an individual contract is insufficient to invoke jurisdiction under the LMRA. Id. at 399.

Contrary to plaintiff's argument, plaintiff's complaint alleges Thompson is in breach of a $5,200.00 promissory note, not breach of a provision a UAW collective bargaining agreement. Indeed, Thompson would not be a proper party-defendant to a lawsuit alleging breach of the 1999 GM-UAW National Agreement. The UAW is not a party to this lawsuit, and is not alleged to be liable under the promissory note signed alone by defendant Thompson. The possibility that Thompson might somehow raise a collective bargaining defense to the state claims of breach of contract and promissory estoppel is insufficient to invoke federal subject matter jurisdiction under the LMRA. Plaintiff has failed to proffer legal support for its position that state law claims of breach of contract and promissory estoppel seeking to enforce an individual contract executed by an employer and employee falls under the jurisdiction of the LMRA. Accordingly,

Plaintiff's claims are hereby DISMISSED, without prejudice, for lack of federal subject matter jurisdiction.

SO ORDERED.

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

Dated: October 11, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 11, 2005, by electronic and/or ordinary mail.

                                          s/Josephine Chaffee
                                          Secretary/Deputy Clerk